UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMARAL ENTERPRISES LLC, )<br>    Plaintiff, )<br> )<br>v. )<br> )<br>CHARLES J. GIAN, et al., )<br>    Defendants. ) | Action No. 17-cv-30053-KAR |

MEMORANDUM AND ORDER ON PLAINTIFF'S
MOTION TO COMPEL CHARLES J. GIAN TO ANSWER DEPOSITION
QUESTIONS AND TO PRECLUDE ARGUMENT AT TRIAL OR AT SUMMARY
JUDGMENT BASED UPON CONTENT OF MAY 29, 2018 TRANSCRIPT
(Dkt. No. 38)

ROBERTSON, M.J.

I. INTRODUCTION

Plaintiff Amaral Enterprises LLC ("Plaintiff") owns one of five condominiums in a building located in Pittsfield, Massachusetts. On February 19, 2013, a frozen pipe in the building burst, causing water damage to a commercial bakery operated by Bearbones, Inc., d/b/a/ Morningside Bakery, in the condominium unit owned by Plaintiff. This incident has spawned numerous lawsuits by Plaintiff and Bearbones, including at least three separate lawsuits naming Charles J. Gian, individually and in his capacities as Manager of the Morningside Plaza Nominee Trust and of the Morningside Plaza Condominium Association, as a, or as the sole, defendant. Now before the court is Plaintiff's Motion to Compel Charles J. Gian to Answer Deposition Questions and to Preclude Argument at Trial or at Summary Judgment Based Upon Content of May 29, 2018 Transcript ("Plaintiff's Motion") (Dkt. No. 38).[1] The parties have consented to

---

[1] Also pending before the court are three additional discovery motions filed by Plaintiff around the same time: Motion to Compel Charles J. Gian to Produce Documents Based Upon Sworn Responses to Requests for Admissions Under Fed. R. Civ. P. 36 and to Preclude Argument at Trial or at Summary Judgment Based Upon Content of May 29, 2018 Transcript and Responses

1

this court's jurisdiction (Dkt. No 7). *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. For the reasons set forth below, the court DENIES Plaintiff's Motion.

II.     BACKGROUND AND DISCUSSION

Plaintiff's verified complaint seeks a declaratory judgment that a special assessment of $80,105.00 is either void or assessed in bad faith to facilitate a foreclosure (Dkt. No. 1 at 1). In summary, Plaintiff alleges that defendant Charles J. Gian ("Gian"), in his individual capacity and as Trustee of the Morningside Plaza Condominium Association ("MPCA"), improperly caused Plaintiff to be assessed $80,105.00 to pay a portion of the legal fees the MPCA has incurred defending against the multiple suits filed by Plaintiff arising from the February 19, 2013 incident and its sequelae. According to Plaintiff, the special assessment arises from Gian's failure to procure common area casualty insurance despite language in the by-laws of the MPCA requiring that such casualty insurance be in place and despite that fact that Plaintiff was charged for common area casualty insurance when it purchased its condominium (*id.* at 5-6, ¶¶ 14, 18). Plaintiff further alleges that at no time between October 4, 2013, when Plaintiff filed suit in Suffolk Superior Court and February 3, 2017, when the special assessment was tendered to Plaintiff, did Gian or anyone acting on his behalf notify Plaintiff of the intended special assessment (*id.* at 5, ¶ 17).

In this case, Plaintiff noticed Gian's deposition for May 29, 2018 in Boston. It was the third time that attorney Richard Gannett, Plaintiff's counsel, had taken Gian's deposition. Gian was represented by attorney Ryan Menard, who has not entered an appearance in this case, but

---

to Request for Admissions (Dkt. No. 39); Motion to Compel Charles J. Gian in All Capacities to Further Answer Interrogatories (Dkt. No. 40); and Motion to Compel Charles J. Gian in All Capacities to Produce Time Sheets Time Charges, Invoices or Bills (Dkt. No. 41). The court will rule separately on each of these three motions.

2

who represented Gian in the case previously filed by Plaintiff in the Suffolk Superior Court and represents him in the case filed by Plaintiff against Gian that is currently pending in the Berkshire Superior Court.[2] In support of Plaintiff's Motion, Plaintiff filed a partial transcript of Gian's May 29, 2018 deposition; for his part, Gian filed the entire transcript of the deposition which provides an appropriate basis by which to judge the merits of Plaintiff's Motion.[3]

A review of the transcript shows that Gian's deposition began around 10:00 a.m. Gannett questioned Gian for approximately three hours (Gian Dep. 5:1-13 & 142:23-144:14, May 29, 2018, Dkt. No. 42-1). At that point, Gannett announced he was suspending the deposition because of "speaking objections" being made by Menard (*id.* 142:23-143:7). Menard placed on the record his reason for objecting to the questions being posed by Gannett, invoked Federal Rule of Civil Procedure 37.1, stated that Gian was prepared to continue with the deposition and warned Gannett that Gian would not voluntarily return for further questioning (*id.* 142:11-143-7). Gannett insisted that he was suspending the deposition and planned on filing a motion (*id.*). Menard then placed on the record his reasons for objecting to the suspension of the deposition and examined his client from approximately 1:00 p.m. to approximately 2:40 p.m. (*id.* 145:7-233:18). After Menard completed his questioning of Gian, he renewed their offer to stay if Gannett had further questions (*id.* 233:10-11). Gannett declined the opportunity to pose further questions to Gian and insisted that the deposition was suspended notwithstanding Menard's warning that, absent a court order, Gian would not appear for further questioning (*id.*).

---

[2] Information about these cases is drawn from the Masscourts on-line Superior Court dockets. The case that was filed in the Suffolk Superior Court, and in which judgment entered in favor of the defendants, was assigned docket number 1384CV03565; the case that is pending in the Berkshire Superior Court is assigned docket number 1676CV00048.

[3] The entire transcript of Gian's May 29, 2018 deposition is found at pages 31 through 267 of docket entry 42-1, which was filed by the defendant in his various capacities as one of several exhibits to his omnibus opposition to Plaintiff's four motions to compel discovery.

Federal Rule of Civil Procedure 30(d)(1) provides that a deposition is limited in duration to "1 day of 7 hours" unless the court orders otherwise, which it must do if additional time is needed to examine the deponent "or if the deponent, another person, or any other circumstance impedes or delays the examination." Plaintiff identifies three factors that he asserts warrant requiring Gian to return to Boston to answer further questions: (1) Menard did not have an appearance in the case; (2) Menard made so-called speaking objections and instructed Gian not to answer certain questions; and 3) Gian swore at Gannett twice (Dkt. No. 38 at 2).

As to the first of these contentions, Plaintiff has pointed to no authority supporting the claim that an attorney who has not entered an appearance in the case cannot defend a deposition and the court has not found any. Plaintiff has not shown that the lack of an appearance by Menard impeded or delayed the examination. Menard had an appearance in the Suffolk County case that Plaintiff filed against Gian, and he has an appearance in the pending Berkshire County case that Plaintiff filed against Gian. It is apparent from the transcript of Gian's deposition (which the court has read in its entirety) that Menard was knowledgeable about the facts of the case, familiar with the relevant documents, and had an established attorney-client relationship with Gian. Menard is a member of the bar of the United States District Court for the District of Massachusetts and subject to discipline or sanctions for misconduct, if any, based on his actions in a case pending in this court. To address Plaintiff's concerns, Menard is ordered to file a retroactive limited appearance for purposes of appearing at and defending Gian's deposition in Boston on May 29, 2018. Alternatively, he is free to file a general appearance on behalf of Gian in this case, retroactive to the date of Gian's deposition. In any event, as Menard's appearance did not impede or delay the examination, this factor did not merit Plaintiff's unilateral decision to

end his questioning of Gian on May 29, 2018 and does not justify departure from Rule 30(d)(1)'s 1-day, 7-hour rule.

As to the second contention, the court does not share Plaintiff's view that Menard sought to improperly coach Gian by making speaking objections or that his isolated instructions to Gian not to answer were inappropriate. Gannett had before him a somewhat obdurate deponent who claimed to know very little, to be relying on his attorneys, and who had not prepared for his deposition by reviewing documents (Gian Dep. 12:2-7-29:23, 21:18-22, 23:10-24:4, 83:16-24). Gannett's approach did not improve the situation. By way of example, instead of asking factual questions, he sought to elicit the deponent's agreement that documents from complex litigation spanning some five years demonstrated that the deponent was being inconsistent or untruthful (*id.* 24:9-29:23, 91:21-107:24). Without informing Gian of an attorney-client privilege objection asserted to producing copies of legal bills related to litigation between Plaintiff and Gian, Gannett sought to induce Gian to waive the privilege and agree to producing the documents (e.g., *id.* 109:4-113:8). *Cf. Amarin Plastics, Inc. v. Maryland Cup Corp.*, 116 F.R.D. 36, 42 (D. Mass. 1987) (if opposing counsel sought to cause a witness to divulge attorney-client communications or work product, such conduct might be sanctionable). Gannett asked misleading questions based on a partial transcript of a prior deposition in an attempt to demonstrate (inaccurately) that Gian had previously disclaimed an intent to seek recovery of legal fees on behalf of MPCA incurred in litigation initiated by Plaintiff (Gian Dep. 119:6-123:5). He asked Gian to explain the factual bases of the affirmative defenses in the answer filed on Gian's behalf (*id.* 125:4-129:16). *See Neponset Landing Corp. v. The Nw. Mut. Life Ins. Co.*, 279 F.R.D. 59, 61 (D. Mass. 2011) (while it is appropriate to ask for factual information from a witness, a lay witness

should not be expected to testify about the factual basis of an affirmative legal defense). Menard properly objected to these tactics.

Federal Rule of Civil Procedure 30(d)(1) states that objections made during a deposition must be stated concisely and in a non-argumentative and non-suggestive manner. In view of the nature of Gannett's questions, and the hostility between Gannett and Gian that is apparent in the transcript, Menard had a difficult role. In that situation, his objections and instructions complied with Rule 30(d)(1).[4] He sought at times to clarify the record by objecting and asking for more specificity in a question or asking reasonable questions about a document about which Gannett was asking a question (Gian Dep. 20:14-21:8, 44:7-20, 70:9-24, 79:4-14, 106:7-22, 121:1-6). Gannett repeatedly bristled at any attempt to ensure a clearer record. Menard repeatedly told Gian to wait for a question or to wait until Gannett had completed his question before speaking. When it appeared that Gian was agitated, Menard tried to pour oil on the troubled waters between Gannett and Gian. *Cf. Southgate v. Vt. Mut. Ins. Co.*, No. CA 06-500 ML, 2007 WL 1813547, at *6 (D.R.I. June 21, 2007) (rejecting as unsupported by the record counsel's claim that his conduct was justified because the opposing attorney was attempting to badger the deposition witness). He appropriately instructed his client not to answer certain questions in an attempt to preserve the statutory confidentiality of mediation proceedings and to protect the confidentiality of attorney-client communications (Gian Dep. 51:19-56:11, 110:20-111:2, 129:22-130:13) Having reviewed the deposition transcript, the court finds that Menard did not improperly impede or delay Gannett's questioning of Gian. *Contrast, e.g., Big Top USA, Inc. v. Wittern Grp.*, 183 F.R.D. 331, 341-43 (D. Mass. 1998). Thus, this contention cannot justify

---

[4] Indeed, Gannett's conduct throughout Menard's cross-examination of Gian was far more disruptive, without any cause, than was Menard's conduct (Gian Dep. 145:8-233:15).

Gannett's unilateral suspension of Gian's deposition and does not warrant requiring Gian to return for further questioning.

Finally, while the court does not condone Gian's use of profanity, "[t]he stress of litigation can understandably result in an isolated uncivil outburst." *Big Top USA*, 183 F.R.D. at 342. On the two occasions when Gian used profanity, Menard cautioned his client and tried to get the deposition back on track (Gian Dep. 15:2-7, 107:23-24). In context, Gian's outbursts are understandable. Plaintiff, with Gannett as his counsel, has named Gian as a defendant in three lawsuits arising directly or tangentially from a single event that occurred in 2013. The first of these, filed in Suffolk County Superior Court, was dismissed for lack of prosecution on the day the case was scheduled to go to trial, when Plaintiff and his attorney declined to proceed (*id.* 155:2-160:15). Gian testified that he has personally paid over $300,000 in attorneys' fees to defend these suits (*id.* 47:10-18). Gannett has previously deposed Gian on two occasions. While it is difficult to judge the tone of communications from a deposition transcript, it is reasonable to infer that Gannett's approach was contentious from the outset. Nonetheless, when Gannett posed straightforward questions that Gian understood, it appears that Gian made some effort to be forthcoming. Gannett did not suspend the deposition because of Gian's use of profanity, and it does not warrant a departure from the 1-day, 7-hour rule.

Plaintiff has failed to establish a sufficient basis for his motion to compel further deposition testimony from Gian. Further, he has not shown that he is entitled to the additional extraordinary relief he seeks of: (1) "a preclusive order against Mr. Gian at trial or in any summary judgment proceeding barring him from advancing any argument he claimed he did not 'understand' or 'know' during his deposition of May 29, 2018;" and (2) "a preclusive order against Mr. Gian at trial or any summary judgment proceeding barring him from advancing any

argument which the Plaintiff could have discovered at the deposition of Mr. Gian's counsel which was halted as the proferred excuse was that such information could be obtained from Mr. Gian and the deposition of May 29, 2018 of Mr. Gian demonstrates such a contention turned out to be untrue given the responses to deposition questions" (Dkt. No. 38 at 4). Plaintiff has not shown that he lacks the information necessary to prosecute his claims. To the extent Gannett sought factual information relevant to Plaintiff's claims by deposing Gian for a third time, Menard elicited a substantial amount of such information during his cross-examination of Gian.

III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Compel is DENIED in its entirety. It is so ordered.

Dated: August 14, 2018 /s/ Katherine A. Robertson
KATHERINE A. ROBERTSON
U.S. MAGISTRATE JUDGE